(No. 84-CC-285█

JACOB M. KUNZ, Claimant, *v.* THE STATE OF ILLINOIS, Respondent.

*Order filed June 10, 1985.*

WINSTEIN, KAVENSKY, WALLACE & DOUGHTY, for Claimant.

NEIL F. HARTIGAN, Attorney General (WILLIAM WEBBER, Assistant Attorney General, of counsel), for Respondent.

MONTANA, C.J.

This cause coming on to be heard on the joint stipulation of the parties and the Court being fully advised in the premises finds as follows:

This claim comes before this Court on the joint stipulation of the parties, which stipulation is quoted verbatim as follows:

"1. This is a claim for lost wages in the amount of $63,494.91 as the result of a wrongful discharge of the Claimant by the Office of the Illinois Secretary of State.

2. During the period of time for which claim is being made, the Claimant received unemployment compensation benefit payments in the amount of $3,016.00 for which the Claimant recognizes a valid claim by the Department of Employment Security.

3. Although the Claimant received Social Security benefits in the amount of $18,650.60 during the period of time for which claim is being made, the parties recognize the state of the law which allows the Claimant to earn salary without a limitation at the same time he is permitted to collect Social Security and Social Security payments therefore should not be deducted from any benefits awarded by the Court.

4. The issues before the Court, if a hearing were conducted into this matter would be limited to mitigation and other income.

5. Claimant has prepared an affidavit which states the substance of what he would testify to if called upon to give testimony as to his other earnings and mitigation efforts during the time for which claim is being made.

6. Both parties stipulate and agree that the affidavit may be entered into the record without objection.

7. Both parties agree to waive, with the Court's permission, any further hearing in this matter.

8. The parties agree that the Court may decide the issues in this matter based upon the record now before the Court and without the presence of the parties."

Having carefully reviewed the stipulation of the parties, we find that the Claimant did all in his power to mitigate his losses and we hereby grant the Claimant an award as claimed in the amount of sixty-three thousand four hundred ninety-four and 91/100 ($63,494.91) dollars, with $3,016.00 to be set aside for repayment of unemployment compensation received by the Claimant, which amount is to be paid to the Department of Employment Security on behalf of the Claimant's account, with the net amount remaining to be paid directly to the Claimant in the amount of sixty thousand four hundred seventy-eight and 91/100 ($60,478.91) dollars.

## APPENDIX A

Identification of the State Contributions and Deductions from Back Salary Award.

To the State Employees' Retirement System

| | |
|---|---|
| Employee's contribution to State Employees' Retirement Sys. | 2539.80 |
| Employee's contribution to FICA | 4119.92 |
| State's contribution to State Employees' Retirement System | 4021.05 |
| State's contribution to FICA | 4119.92 |

To Illinois State Treasurer to be remitted to Internal Revenue Service:

| | |
|---|---|
| Claimant's Federal income tax | 12698.99 |

To Illinois Department:

| | |
|---|---|
| Claimant's Illinois Income Tax | 1587.38 |

To Office of Employment Security:

> Director Dept. of Employment
> Security __3016.00__

To the Claimant:

> Net salary __39532.82__

Total award $71635.88